## CARLETON *v.* GILE.

Where an action is commenced, and property is attached which has been previously attached in other actions, and the action is defaulted at the first term, the costs of the action will not necessarily be limited to the fees for the travel of the party and five days attendance at the first term, as in ordinary defaulted actions; but if the action be necessarily continued from term to term, in order to preserve the attachment, in consequence of the prior actions, the plaintiff will be entitled to tax in his bill of costs fees for his travel and attendance, as in defaulted actions, at each term while the action shall be thus necessarily continued.

ASSUMPSIT. This action was entered at the court of common pleas for the Western Judicial District in this county, at the October term, 1851, and defaulted. There were pre-

Carleton *v.* Gile.

vious attachments upon the same property, which was attached in this action. This action was continued from term to term until the September term of said court, 1853, because judgments were not entered in the actions in which the previous attachments were made.

The defendant, at the last March term, moved that the costs might be limited to the travel and five days attendance at the first term, and the fees for continuances since.

The question arising upon that motion was transferred to this court for decision.

*Carleton, pro se.*

————, for the defendant.

WOODS, J. The only question for consideration is one of costs. And that question is whether the costs shall be limited to the amount of the statutory fees for the travel of the plaintiff at the first term and five days attendance and the several continuances. The action was defaulted at the first term, and judgment might then have been taken against the defendant, and if that course had been adopted, the proper amount of costs would have been the travel and attendance already mentioned. But it was necessary and proper for the plaintiff to cause his action to be continued. A prior suit had been commenced against the defendant, and his property had been attached therein, which was also taken for the security of the claim in this suit. That suit was for some cause continued. The only course left for the plaintiff to pursue, if he would preserve his lien upon the property, was that which he did pursue, namely, to continue this action also. Any other disposition of it would have been an abandonment of his attachment and a loss of his security. While the property was under the prior attachment, the plaintiff would have no right to apply it in payment of his claim, but must wait until the prior claim was first satisfied.

---
Carleton *v.* Gile.
---

But that action being continued at least for six months from the first term, if the plaintiff had entered up a judgment in this action his lien would have been lost in thirty days, and consequently his attachment would have proved entirely unavailable for the further security or payment of his debt. The plaintiff, then, pursued the necessary and legal course, and certainly in that view a reasonable one, and, I would add, the course that is usually or perhaps uniformly pursued in all cases under like circumstances. Moreover, the continuance was not rendered necessary by reason of any act or fault on the part of the plaintiff, but if it may be charged to the account of fault at all, it was that of the defendant in failing or omitting to pay and discharge his proper debt, or to his misfortune in being unable to do it. And besides, it is to be presumed that the action was kept on foot at some expense to him for attendance upon it either by himself or by counsel. It is not to be supposed that a party would or could properly leave an action situated like the present, without the care or attention of any one. It required attention to learn when the judgment should be taken in the former suit in order to know when it could with propriety be taken in this. For that purpose the attendance of the party, or some agent, was necessary. An action situated like the present is not to be regarded as fully determined at the date of the default, as it would be in ordinary cases, but as we have seen, is properly kept on foot afterwards, and as a matter of course, the costs will not necessarily cease to accumulate or be increased as in the common case, for the one party or the other to pay. It becomes, then, in this case, a question, what is just and reasonable in regard to the costs of this action, and others similarly situated. We have seen that the course pursued in this case is the usual, necessary and reasonable course. What costs, then, are usually just and reasonable to be taxed in an action are proper to be taxed in this case. This the law fixes. The proper taxable costs in a defaulted action at a term are the

proper fees for travel and five days attendance.  The provision of the statute is that " no more than five days attendance shall be allowed at any term, in any case where the defendant suffers default, having made no appearance." Rev. Stat. ch. 229, § 8.

The statute itself would seem, by its language, to contemplate the allowance of costs at terms after default.   We think we may take the statute fees as a safe guide as to the amount, and we regard it as altogether just and reasonable, upon the general facts of the case, that the same fees should be taxed for each term during the necessary pendency of the action, unless it should appear that the period of any term was less than five days.   It is decided in the supreme court in Massachusetts that in foreign attachment a plaintiff is entitled to costs against the principal defendant after a default, until the final decision of the case, as against the trustee, and that whether the trustee should be adjudged liable or not.   The reasons for the decision are stated thus by the court:   " The appeal of either of the parties sets the case afloat.   It was necessary to the plaintiffs to attend to the action until its final decision, and it is reasonable that they should be allowed their costs as long as they were obliged to attend."   Now we think that case much like the present in principle.   Here, as in that case, there was occasion for further attention to the cause, after the default, in order to protect the rights of the parties.   In the case in Massachusetts, so far as the defendant was concerned, and as against him, strictly there was no further occasion for attention to it excepting to cause it to be continued as to him in order to take judgment against him at the proper time, and save the security obtained by the trustee· process, if any means of security should be found in the hands of the trustee.   So here the occasion for further attention to the suit was similar, namely, to take judgment at the proper time to save the lien created upon the property by the attachment.   It is believed, also, that the rule of practice in this State is at least

very generally in conformity with the decision of the supreme court of Massachusetts, in cases of that character.

We are, therefore, clearly of the opinion that the law as well as the justice of the case requires a refusal of the motion of the defendant.

*Motion denied.*